UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RCB INTERNATIONAL, LTD.,

Plaintiff,

v.

LABBEEMINT, INC.,

Defendant.

No. 1:16-cv-03109-SAB

**ORDER DENYING DEFENDANT'S 12(b)(6) MOTION TO DISMISS**

Before the Court is Defendant's 12(b)(6) Motion to Dismiss, ECF No. 34. Defendants contend that each of Plaintiff's causes of actions are preempted by federal patent law. For the reasons set forth below, the Court **denies** Defendant's motion to dismiss.

**STANDARD**

Rule 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. Under ordinary liberal pleading standards, a plaintiff need only plead sufficient facts which, if taken as true, allow the Court to draw reasonable inferences that a plausible ground for relief exists. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Rule 12(b)(6) dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

//

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint does not need detailed factual allegations but it must provide more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 678.

**AMENDED COMPLAINT**

In considering the 12(b)(6) motion to dismiss, the Court takes the following facts *solely* from the amended complaint.

RCB International, Ltd. (RCB) is the owner of the only plant stock of a commercially valuable variety of low menthol mint plant, *Menthe spicata L.* (*Erospicata*). For several years, RCB has been propagating *Erospicata* plant stock, which can only be accomplished asexually, through rootstock or cuttings. RCB was previously the exclusive licensee of a plant patent on the *Erospicata* variety, but this patent has since expired. RCB has been relying on its ownership rights and various contracts to prevent third parties from lawfully obtaining and propagating *Erospicata* plants.

Throughout the patent period and after patent expiration, RCB has been selling mint oil from the *Erospicata* plants but it does not sell the plants themselves. Rather, RCB has taken substantial steps to keep its plants under its ownership and control, propagating the plant with the assistance of few select growers who are all under contract with RCB. The relevant contracts specify that RCB owns the *Erospicata* plants and that the growers may not sell or transfer the plant or its cuttings to any third party. RCB likewise authorized few select universities to study the *Erospicata* plant under contractual terms prohibiting the university from transferring the plant to a third party.

//

Despite such contractual provisions, Labbeemint obtained some of RCB's *Erospicata* mint stock without RCB's permission and is now using the plant for commercial use. RCB contends that Labbeemint obtained the stock, directly or indirectly, from someone who had possession of RCB's *Erospicata* plant but with no authority to sell or transfer it. The transferor was under a lawful contract not to transfer the *Erospicata* stock to a third party, and Labbeemint knew of these contractual restrictions. RCB further alleges that Labbeemint lacks legal title to the *Erospicata* plant and that its conduct amounts to theft and unlawful possession of the stolen plant.

## ANALYSIS

Labbeemint seeks to dismiss RCB's claims for relief on the ground that each of its claims are preempted by federal patent law. The Court disagrees. RCB has sufficiently alleged facts that, if taken as true, state a plausible ground for relief.

The Plant Patent Act (PPA) provides that [w]hoever invents or discovers and asexually reproduces any distinct and new variety of plant . . . may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 161 (2012). Thus, for the patent term, the PPA grants plant patentees "the right to exclude others from asexually reproducing the plant or selling or using the plant so reproduced." *Imazio Nursery, Inc. v. Dania Greenhouses*, 69 F.3d 1560, 1569 (Fed. Cir. 1995). Aside from the four statutory provisions comprising of the Plant Patent Act, 35 U.S.C. §§161-164, plant patents are subject to the same conditions and requirements as all other patents. 35 U.S.C. §161.

Because the Patent Act "does not contain preemptive text," express preemption is not an issue in patent cases. *In re Cybernetic Servs., Inc.*, 252 F.3d 1039, 1046 (9th Cir. 2001). However, there are "two types of implied preemption: field preemption and conflict preemption." *Whistler Inv., Inc. v. Depository Trust & Clearing Corp.*, 539 F.3d 1159, 1164 (9th Cir. 2008). With regard to field and

conflict preemption in patent cases, “the Supreme Court has adopted a ‘pragmatic’ approach to deciding whether the Patent Act preempts a particular state law.” *Cybernetic Servs., Inc.*, 252 F.3d at 1047 (citing *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 156 (1989). In enacting the Patent Act, “Congress has balanced innovation incentives against promoting free competition, and state laws upsetting that balance are preempted.” *G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992). Accordingly, “state regulation of intellectual property must yield to the extent that it clashes with the balance struck by Congress.” *Bonito Boats*, 489 U.S. at 152. However, federal patent law will not preempt state law claims if such claims contain “an element not shared by the federal law; an element which changes the nature of the action ‘so that it is *qualitatively* different from a copyright [or patent] infringement claim.’” *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439-30 (9th Cir. 1993) (quoting *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal. App. 3d 1327, 1340 (1990)) (alterations in original).

The federal patent laws do not preempt the laws of private property, theft, and conversion. It is axiomatic that the PPA grants the plant patentee “the right to exclude others from asexually reproducing the plant, and from using, offering for sale, or selling the plant so reproduced, or any of its parts” during the patent period. 35 U.S.C. §163. Federal patent laws do not, however, supplant the laws of private property after the patent has expired. The laws of private property govern what an owner can do with the property they own; the laws of patent protection govern, at least for the patent term, how the inventor can control the property owned by others.

In order to succeed on its claims for conversion, equitable relief, and violations of the Washington Consumer Protection Act, RCB necessarily must demonstrate that Labbeemint unlawfully obtained the *Erospicata* plant stock. Indeed, the basis of RCB’s claims for relief is that Labbeemint obtained its private

property, *Erospicata* rootstock or cuttings, unlawfully either through conversion or theft.

However, in a plant patent infringement action, the "patentee must prove that the alleged infringing plant is an asexual reproduction, that is, that it is the progeny of the patented plant." *Imazio*, 69 F.3d at 1569. The PPA does not require proof of unlawful conversion or theft. It merely requires that the infringing plant be an asexual reproduction of the patented plant, whether obtained lawfully or not. *Id.* Consequently, RCB's state law claims require proof of "an element not shared by the federal law" that is qualitatively different from a patent infringement claim: unlawful possession of private property.

RCB has alleged that Labbeemint does not own the *Erospicata* plant in question nor could it have obtained possession legally. Because ownership of the *Erospicata* stock has not been, and cannot be, resolved based solely on the pleadings, Labbeemint's motion to dismiss must be denied.

Nonetheless, Labbeemint relies on the Supreme Court's decision in *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), and its progeny for the proposition that when a plant patent expires, the patentee has no recourse to prevent others from obtaining access to the formerly patented plant. Rather, Labbeemint argues that upon patent expiration, RCB was required to release the physical *Erospicata* plant into the public domain. However, Labbeemint's reliance on *Brulotte* is misplaced.

In *Brulotte*, Respondent owned various patents for a hop-picking machine. 379 U.S. at 29. While the patents were in force, Respondent then sold a machine to each of the petitioners for a fee and issued a license requiring a royalty payment for use of the machine. *Id.* Although the licensees were the lawful owners of the machines, the royalty payment attached to the use of the machine indefinitely pursuant to the terms of the licensing agreement. *Id.* Subsequently, the patents expired but the licenses issued by Respondent continued beyond the patent's expiration date. *Id.* at 30. The Supreme Court held that although the patentee had

the "right to make, the right to sell, and the right to use" the machines during the patent period, those rights "become public property once the 17-year [patent] period expires." *Id.* at 31. The Court further stated that "after expiration of the last of the patents incorporated in the machines 'the grant of patent monopoly was spent' and that an attempt to project it into another term by continuation of the licensing agreement was unenforceable." *Id.* at 33-34 (quoting *Ar-Tik Sys., Inc. v. Dairy Queen, Inc.*, 302 F.2d 496, 510 (3d Cir. 1962). Thus, the license restrictions requiring the payment of royalties past the patents' expiration were unenforceable.

The Supreme Court upheld *Brulotte* in 2015, relying on the doctrine of stare decisis. *See Kimble v. Marvel Ent., LLC*, 135 S. Ct. 2401 (2015). In *Kimble*, Petitioner Kimble obtained a patent on a toy. *Id.* at 2405. In an effort to sell or license his patent, Kimble met with Respondent Marvel Entertainment, LLC (Marvel) to discuss his idea for the toy. *Id.* at 2406. However, soon thereafter, Marvel began marketing a toy similar to that of Kimble's invention. *Id.* Kimble sued Marvel for patent infringement, and the parties ultimately settled. *Id.* The settlement agreement provided that "Marvel would purchase Kimble's patent in exchange for a lump sum . . . and a 3% royalty on Marvel's future sales." *Id.* The agreement set no end date for the royalty payments. *Id.* In holding that the royalty provision was unenforceable, the Court noted that "parties can often find ways around *Brulotte*" enabling them to enter into deals they desire. *Id.* at 2408. The Court continued that all that the *Brulotte* "decision bars are royalties for using an invention after it has moved into the public domain." *Id.* (citing *Brulotte*, 379 U.S. at 31). Indeed, "*Brulotte* poses no bar to business arrangements other than royalties . . . that enable parties to share the risks and rewards of commercializing an invention." *Id.*

This is not a royalty case. Nor is this a case where the patentee sold its invention to a third party in lawful possession. On the contrary, RCB alleges that Labbeemint did not, and could not have, obtained the *Erospicata* plant lawfully.

Thus, *Brulotte* and its progeny are not dispositive in this case.

Because RCB has sufficiently alleged facts that, if taken as true, state a plausible ground for relief, Labbeemint's Motion to Dismiss, ECF No. 34, must be **DENIED.**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, ECF No. 34, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 27th day of September, 2016.

Stanley A. Bastian
United States District Judge