UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RCB INTERNATIONAL, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> LABBEEMINT, INC., <br><br> Defendants. | NO. 1:16-cv-03109-SAB <br><br> **ORDER DENYING LABBEEMINT'S MOTION TO CERTIFY AND REQUEST FOR STAY OF PROCEEDINGS** |

Before the Court is Defendant Labbeemint, Inc.'s (Labbeemint) FRCP 54(b) Motion to Certify Order Dismissing Labbeemint's Counterclaim for Declaratory Relief as Final and Request for a Stay of Proceedings, ECF No. 117. Labbeemint seeks an Order certifying as final the Court's dismissal of its declaratory judgment claim in which it seeks a declaration that Plaintiff RCB International, Ltd.'s (RCB) claims are preempted by the Plant Patent Act (PPA), 35 U.S.C. §§ 161-164. Additionally, Labbeemint requests a stay of proceedings pending the appeal. For the reasons set forth herein, Labbeemint's motion is denied.

**Legal Standard**

Fed. R. Civ. P. 54(b) provides that when an action presents one or more claims for relief, "the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Under this rule, the district court must first determine that it has rendered a final judgment, *i.e.*, "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC*

**ORDER DENYING LABBEEMINT'S MOTION TO CERTIFY AND REQUEST FOR STAY OF PROCEEDINGS** ~ 1

*Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)) (internal quotation marks omitted). Then, the court determines whether there is any just reason for delay. *Id.* In deciding whether there are no just reasons for delay, the court considers (1) judicial administrative interests; and (2) the equities involved. *Curtiss-Wright Corp.*, 446 U.S. at 8. Typically, judgments pursuant to Fed. R. Civ. P. 54(b) "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

## Discussion

Labbeemint asks the Court to certify as final for immediate appeal the Court's Order dismissing Labbeemint's counterclaim for declaratory judgment wherein it seeks a declaration that "RCB's purported contractual restrictions against any asexual propagation, use, distribution or sale of Erospicata mint plant or plant materials without RCB's express written consent are invalid and unenforceable" and that "upon expiration of the applicable plant patent, the Erospicata mint plant variety was released to the public and must be freely available for public asexual propagation, use, distribution and sale." *See* ECF No. 51. Labbeemint also requests a stay of proceedings pending appeal. Labbeemint argues that immediate appeal, if successful, will eliminate each of RCB's causes of action.

The Court finds that its Order summarily dismissing Labbeemint's counterclaim for declaratory relief is a final judgment rendering it appealable pursuant to Fed. R. Civ. P. 54(b). However, judicial administrative interests and the balance of equities in this case weigh against certification for the following reasons. First, although a ruling by the Ninth Circuit in favor in Labbeemint may dispose of RCB's claims, trial in this case is scheduled for December 4, 2017.

**ORDER DENYING LABBEEMINT'S MOTION TO CERTIFY AND REQUEST FOR STAY OF PROCEEDINGS** + 2

Allowing for immediate appeal will delay litigation significantly pending decision by the Ninth Circuit. There is no legitimate reason for an early and separate judgment that outweighs the risk of overcrowding the appellate docket; Labbeemint may take its appeal, if any, after trial, less than five months from now. Second, Labbeemint has identified no prejudice that it will suffer if its motion is denied. Alternatively, RCB has sought injunctive relief to prevent the use and propagation of the Erospicata plant. Requiring RCB to wait several more months for a resolution may cause prejudice if Labbeemint wrongly enters the Erospicata mint market or if competitors wrongly gain access to the Erospicata plant. Consequently, the Court cannot say that there is no just reason for delay, and Labbeemint's motion must be denied.

Because the Court denies Labbeemint's motion to certify its Order dismissing Labbeemint's counterclaim for declaratory relief as final, Labbeemint's request for stay of proceedings is also denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Labbeemint's FRCP 54(b) Motion to Certify Order Dismissing Labbeemint's Counterclaim for Declaratory Relief as Final and Request for a Stay of Proceedings, ECF No. 117, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 7th day of July, 2017.



Stanley A. Bastian
United States District Judge

**ORDER DENYING LABBEEMINT'S MOTION TO CERTIFY AND REQUEST FOR STAY OF PROCEEDINGS** + 3