UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RCB INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LABBEEMINT, INC., <br><br> Defendant. | NO. 1:16-cv-03109-SAB <br><br> **ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT** |

Before the Court is RCB International, Ltd.'s ("RCB") Renewed Motion for Summary Judgment on Defendant's First Counterclaim, ECF No. 128. The motion was heard without oral argument. For the reasons stated herein, RCB's motion is granted.

Labbeemint, Inc. ("Labbeemint") states counterclaims against RCB for violations of the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86.010, *et seq.*, in its efforts to restrain trade of the Erospicata mint plant through the enforcement of restrictive contractual provisions with growers, propagators, and/or research institutions. Labbeemint contends that these actions constitute unlawful monopolization and are an unfair practice. RCB moves for summary judgment against Labbeemint's counterclaims.

Summary judgment is appropriate if the pleadings, discovery, and affidavits demonstrate there is no genuine issue of material fact *and* that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). There is no genuine issue for trial unless

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT** ~ 1

there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party has the burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325; *see also Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

The material facts have not substantially altered since the Court denied the parties' cross-motions for summary judgment and are not in dispute. *See* ECF No. 112 (statement of undisputed facts). There is no legal authority supporting Labbeemint's argument that restrictive contracts used by RCB violate the CPA. Rather, Labbeemint's argument is akin to that presented in its plant patent preemption claim that was already rejected by the Court. This case is not about plant patents, the expiration of plant patents, or whether RCB is required to give the public at large access to its private property after the plant patent expired. The principal issue in this case is whether Labbeemint has lawful possession of the Erospicata mint plant, or more accurately, whether RCB can prove by a preponderance of the evidence that Labbeemint's possession is not lawful. Because there are no genuine issues of material fact and RCB is entitled to judgment as a matter of law, RCB's motion is granted.

//
//
//
///
//
//
//
//
//
//

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT** + 2

Accordingly, **IT IS HEREBY ORDERED:**

1. RCB's Renewed Motion for Summary Judgment on Defendant's First Counterclaim, ECF No. 128, is **GRANTED**.

2. Any remaining pending motions shall be heard at the pre-trial conference.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 1st day of November 2017.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT** + 3